# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARYLOU DANTONIO, PH.D. | Civil Action No.____ |
| Plaintiff, | Section: __ |
| v. | Magistrate ___ |
| SOUTHWEST EDUCATIONAL DEVELOPMENT CORPORATION A/K/A SOUTHWEST EDUCATIONAL DEVELOPMENT LABORATORY (SEDL), JILL B. SLACK, PH.D. and LOUISIANA CHILDREN'S RESEARCH CENTER FOR DEVELOPMENT AND LEARNING, INC., a Louisiana non-profit corporation | Jury Trial Demanded **COMPLAINT** |
| Defendants. | |

Plaintiff for her Complaint herein, alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought under the federal Copyright Act, as amended (17 U.S.C. §§ 101 *et seq.*) and the federal Trademark Act (the "Lanham Act"), as amended (15 U.S.C. §§ 1051 *et seq.*).

## THE PARTIES

2. Plaintiff Marylou Dantonio, Ph.D. ("Plaintiff" or "Dr. Dantonio") is a citizen of and resides in the state of Washington. Plaintiff is a professional educator and curriculum writer.

{N0476726 -}

3. Defendant Southwest Educational Development Corporation, a/k/a/Southwest Educational Development Laboratory ("SEDL") is a Texas corporation licensed to do and doing business in the State of Louisiana with an office location at 3501 N. Causeway Blvd., Suite 700, Metairie, LA 70002.

4. Defendant Jill B. Slack, Ph.D. ("Slack") is an individual residing in Louisiana and is currently employed by the Louisiana State Department of Education as a Director of the Ensuring Literacy and Numeracy for All Initiative, having an address at 1201 North Third Street, P.O. Box 94064, Baton Rouge, Louisiana 70804-9064.

5. Defendant Louisiana Children's Research Center for Development and Learning, Inc. ("CDL"), a Louisiana non-profit corporation with headquarters and domicile address at One Galleria Boulevard, Suite 903, Metairie, Louisiana 70001.

6. Each of the Defendants listed above are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

7. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1521, 28 U.S.C. §§ 1331 and 1338. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) or 1400(b) in that, on information and belief, Defendants do business in this district and have committed intentional acts of infringement in this district. On information and belief, Defendants are subject to the personal jurisdiction of this Court and is amenable to service of process.

## FACTS

8. Plaintiff is an educator, researcher and writer in the fields of teacher development, leadership, coaching, and questioning for critical thinking and scholarship.

9. Plaintiff owns copyrights in numerous educational books, papers, workbooks, manuals, presentations, and other copyrighted materials written by Plaintiff. Among those

copyrighted materials is a book entitled "How Can We Create Thinkers: Questioning Strategies That Work For Teachers" (hereinafter "Copyrighted Work") that is the subject of U.S. Copyright Registration No. TX-4-771-776, which is a valid and enforceable registration. Plaintiff is the sole owner of the Copyrighted Work and the U.S. Copyright Registration issued therefor. A copy of U.S. Copyright Registration No. TX-4-771-776 is attached as Exhibit A. A copy of the assignment document recorded with the U.S. Copyright Office for Registration No. TX-4-771-776 showing Dr. Dantonio as the owner of the Copyrighted Work is attached hereto as Exhibit B.

10. Plaintiff also has built valuable goodwill and common law rights in her name "MaryLou Dantonio" and in the identification of her published works, including the book entitled "How Can We Create Thinkers: Questioning Strategies That Work For Teachers," from extensive use, promotion, and business under those marks and names in the educational community (collectively "Plaintiff's Marks"). Plaintiff's Marks and the goodwill associated therewith are valuable assets of Plaintiff and Plaintiff has significant commercial interests in Plaintiff's Marks across the country.

11. Defendant SEDL is an education research, development, and dissemination (RD&D) corporation. Defendant SEDL provides various education related products and services to teachers and school districts, including professional development, training, and publications for teachers.

12. As part of its products and services, Defendants SEDL, Slack, and CDL have infringed on Plaintiff's copyright rights by, among other things, making extensive illegal copies and distributing Plaintiff's registered Copyrighted Work across the country, including but not limited to Louisiana.

13. In about 2009, Plaintiff became aware that substantial portions of the Copyrighted Work were being used without her authorization. For example, Plaintiff found substantial portions of her Copyrighted Work throughout Defendants' materials published and distributed without her authorization, including without limitation "Questioning Strategies to Improve Student Thinking and Comprehension" showing Defendant Dr. Jill B. Slack ("Slack") as the

author through the Defendant Southwest Educational Development Laboratory ("SEDL"), "Teaching Thinking Through Effective Questioning: Training Guide" authored by Slack through SEDL, and "Trainer Preparation/Tips: Talent Development Model" also authored by Slack through SEDL. Attached as Exhibit C are the three above-referenced infringing documents by Defendants. Attached as Exhibit D is a comparison of the three above-referenced infringing documents vis-à-vis Plaintiff's Copyrighted Work in which copied material is highlighted in green and referenced by page number in blue to the Copyrighted Work.

14.     Although Defendants' infringing works attached as Exhibit C clearly indicate they were adapted from the Copyrighted Work, as indicated by the following legend: "Adapted from: Dantonio, M. (1990). How Can We Create Thinkers? Questioning Strategies That Work for Teachers. Bloomington, IN: National Educational Service," at no time did Dr. Dantonio give authorization to Slack or SEDL to reproduce, display, distribute, transmit, or prepare derivative works from her Copyrighted Work.

15.     Defendant SEDL has directly and indirectly infringed upon Plaintiff's copyrights in the Copyrighted Work by, inter alia, participating in, inducing, causing, or materially contributing to unauthorized reproduction, distribution, display, transmission, creation of derivative works, and other infringing acts of the Copyrighted Work, including, but not limited to, infringing acts in the course of advertising and marketing of SEDL's goods and services. Defendant SEDL has also been in a position to control the direct infringement of the Copyrighted Work by others and has financially benefitted from such infringement, and is thus a vicarious infringer. For example, Defendant SEDL has made unauthorized copies of the Copyrighted Work and has distributed the unauthorized copies to teachers, instructors, and school districts knowing that the Copyrighted Work would be used, copied and subject to further illegal copying, distribution, and use in making derivative works among other infringing acts.

16.     Defendant SEDL has been on notice of its copyright infringement since at least October 2009. Defendant SEDL was also on constructive notice of Plaintiff's copyright

registration in the Copyrighted Work and knew, or reasonably should have known, that its activities constituted copyright infringement.

17. Plaintiff notified Defendant SEDL in July 2010 about the filing of the original Complaint in this action and requested that SEDL cease and desist its infringing activities and recompense plaintiff for the damages suffered by Plaintiff. Defendant did not respond.

18. Defendant Jill Slack has infringed Plaintiff's copyright rights by, among other things, making extensive unauthorized copies of and distributing Plaintiff's registered Copyrighted Work as well as Derivative works therefrom. Defendant Slack is a former doctoral student of Plaintiff, and while working with Plaintiff, Defendant Slack became aware of and had access to Plaintiff's Copyrighted Work.

19. Defendant Slack has directly and indirectly infringed upon Plaintiff's copyrights in the Copyrighted Work by, inter alia, participating in, inducing, causing, or materially contributing to unauthorized reproduction, distribution, display, transmission, creating derivative works therefrom, and other infringing acts of the Copyrighted Work. Defendant Slack has also been in a position to control direct infringement of the Copyrighted Work by others and has financially benefitted from such infringement, and is thus a vicarious infringer. For example, Defendant Slack has made unauthorized copies of the Copyrighted Work and has distributed the unauthorized copies to other teachers and school districts knowing that the Copyrighted Work would be used, reproduced, displayed, transmitted, and subject to further illegal copying and distribution, among other infringing acts.

20. Defendant Slack has infringed Plaintiff's Copyrighted Work through infringing activities both as an individual and through the various others, for example through Defendants SEDL and CDL as well as through the Louisiana State Department of Education, Missouri Department of Elementary and Secondary Education, International Readings Association (IRA), and Heart Of Georgia Regional Educational Service Agency (HGRESA).

21. Defendant Slack previously worked for Defendant SEDL, committing infringing acts that infringe Plaintiff's Copyrighted Work, and currently she works for the Louisiana State Department of Education, continuing her infringement of Plaintiff's Copyrighted Work.

22. Defendant Slack has been on notice of her infringement since her first acts of infringement, which began at least as early as 2002. Defendant Slack was also on constructive notice of Plaintiff's copyright registration in the Copyrighted Work and knew, or reasonably should have known, that her activities constituted copyright infringement. Defendant Slack's infringement has been willful and knowing, and she has not responded to Plaintiff's requests for her to cease and desist and to recompense Plaintiff for her damages suffered due to the infringement.

23. Defendant CDL has directly and indirectly infringed upon Plaintiff's copyrights in the Copyrighted Work by, inter alia, participating in, inducing, causing, or materially contributing to unauthorized reproduction, distribution, display, transmission, creation of derivative works, and other infringing acts of the Copyrighted Work, including, but not limited to, infringing acts in the course of advertising and marketing of CDL's goods and services. Defendant CDL has also been in a position to control the direct infringement of the Copyrighted Work by others and has financially benefitted from such infringement, and is thus a vicarious infringer. For example, Defendant CDL has made unauthorized copies of the Copyrighted Work and has distributed the unauthorized copies to teachers, instructors, and school districts knowing that the Copyrighted Work would be used, copied and subject to further illegal copying, distribution, and use in making derivative works among other infringing acts.

24. On information and belief, many of the materials infringing Plaintiff's Copyrighted Work include Plaintiff's Marks. Plaintiff has not authorized the illegal copying, derivative works, or distribution of her Copyrighted Work, and Defendants' inclusion of Plaintiff's Marks on the infringing materials constitutes unfair competition and is likely to cause confusion and mistake, for example, that Plaintiff authorized the infringement.

25. Each of the Defendants has directly and indirectly infringed upon Plaintiff's copyright rights in the Copyrighted Work and directly and indirectly committed unfair competition against Plaintiff by using Plaintiff's Marks and materials in a way that is likely to cause confusion or mistake among consumers, by, inter alia, committing infringing acts in the course of advertising and marketing of Defendant's goods and services, and participating in, inducing, causing, or materially contributing to unauthorized copying, distribution and other infringing acts of the Copyrighted Work and Plaintiff's Marks, among other things. These infringing activities have been committed by Defendants across the country, including, but not limited to, Louisiana.

26. On information and belief, each of the Defendants is continuing their infringement of Plaintiff's Copyrighted Work and Marks or is in a position to control, mitigate and eliminate the already existing infringement that was caused by, either directly or indirectly, each of the respective Defendants. For example, each of the Defendants knows the extent of the distribution of the infringing works and have financially benefitted from such infringement.

27. Plaintiff reserves the right to add the various state departments of education, state education agencies, school districts, schools, and teachers that have infringed Plaintiff's Copyrighted Work, including those she is aware of now and will become aware of through discovery.

## COPYRIGHT INFRINGEMENT UNDER
## 17 U.S.C. §§ 101 *et seq.*

28. Plaintiff repeats and realleges each of the allegations contained in paragraph nos. 1 through 27 of this Complaint, as if fully set forth herein.

29. Upon information and belief, Defendants have reproduced, transmitted, displayed, distributed, advertised, and created identical and derivative works of Plaintiff's Copyrighted Work throughout the United States and without authorization.

30. Defendants have also committed indirect copyright infringement, including contributory or vicarious copyright infringement, by controlling, directing, inducing or

materially contributing to the unauthorized reproduction, transmission, display, distribution, advertisement, and creation of identical and derivative works of Plaintiff's Copyrighted Work throughout the United States by others without authorization.

31. Such activities constitute an infringement of Plaintiff's copyrights in violation of 17 U.S.C. § 106. Defendants knew of, and or should have known that such actions were an infringement of Plaintiff's copyrights in the Copyrighted Work.

32. Plaintiff has been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendants have damaged and will continue to damage Plaintiff unless the acts of Defendants complained of herein are enjoined during the pendency of this action and thereafter.

## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §§ 1051 *et seq.*

33. Plaintiff repeats and realleges each of the allegations contained in paragraph Nos. 1 through 32 of this Complaint, as if set forth fully herein.

34. The Defendants' use of Plaintiff's Marks in connection with the marketing and providing of educational goods and services constitutes unfair competition, false designation of origin, false or misleading description, and/or false or misleading representation. Such unauthorized uses cause, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of the Defendants with Plaintiff and vice versa, and also cause, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods and services of the Defendants with those of Plaintiff and vice versa.

35. The Defendants have copied and are using substantial portions of Plaintiff's materials in the conduct of the Defendants' activities without authorization from Plaintiff. An example of such includes the Defendants' unauthorized copying and distribution of the Copyrighted Work and derivative works thereof, attributing the documents to one or more of the

Defendants or Plaintiff or using Plaintiff's Marks, when the materials are not any of the Defendants and Plaintiff did not authorize the use of the materials or the marks.

36. Such unauthorized copying and use of the Plaintiff's Marks and Plaintiff's Copyrighted Work falsely suggests to clients and prospective clients that the Defendants are associated with Plaintiff, and causes, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of the Defendants with Plaintiff and vice versa, and also causes, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods and services of the Defendants with those of Plaintiff and vice versa.

37. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Plaintiff's rights in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38. The Defendants knew, or should have known, of Plaintiff's rights, and the Defendants' false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

39. Plaintiff has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. The Defendants' actions have damaged, and will continue to damage, Plaintiff's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless the Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

40. Plaintiff has been damaged by the Defendants' actions in an amount to be proven at trial. The actions of the Defendants have damaged and will continue to damage Plaintiff unless the acts of the Defendants complained of herein are enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. That Defendants be held to have infringed, both directly and indirectly, Plaintiff's copyright rights in the Copyrighted Work.

2. That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from infringing, contributing to the infringement of, and inducing infringement of Plaintiff's copyright rights in the Copyrighted Work and Plaintiff's rights in the Plaintiff's Marks, including but not limited to, a preliminary and permanent injunction against Defendants' copyright infringement and unfair competition against Plaintiff.

3. That Defendants be required to recover from its distributors and customers all infringing products and literature and all other materials illustrating or referring to the infringing works, as well as all of Defendants' materials infringing either Plaintiff's copyright rights in the Copyrighted Work or Plaintiff's rights in Plaintiff's Marks and that evidence unfair competition against Plaintiff.

4. That Defendants be required to deliver up to the Court the following items in Defendant's possession, custody or control: any and all documents, products, literature and other materials that infringe either Plaintiff's copyright rights in the Copyrighted Work or Plaintiff's rights in Plaintiff's Marks and that evidence unfair competition against Plaintiff.

5. That Defendants be required to prepare and deliver to the Court a complete list of entities and individuals to whom Defendants distributed or sold infringing products or materials together with any and all documents reflecting or relating to the purchase, sale, or distribution of such infringing products or materials, including products and materials that infringe either Plaintiff's copyright rights in the Copyrighted Work or Plaintiff's rights in Plaintiff's Marks and that evidence unfair competition against Plaintiff.

6. That Defendants, within fifteen (15) days after service of judgment, with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff's counsel a

written report under oath setting forth in detail the manner in which Defendants have complied with the injunction.

7. That Defendants account for and pay over to Plaintiff damages sustained by Plaintiff by reason of Defendants' unlawful acts of direct and indirect copyright infringement and unfair competition, herein alleged, together with pre-judgment and post-judgment interest, and that the amount of recovery be increased under the Copyright Act, Lanham Act or as otherwise provided by law.

8. That Defendants account for and pay over to Plaintiff all gains, profits, advantages, and unjust enrichment derived from Defendants' unlawful acts of copyright infringement and unfair competition, both direct and indirect, together with pre-judgment and post-judgment interest, and that the amount of recovery be increased under the Copyright Act, Lanham Act or as otherwise provided by law.

9. That Defendants pay Plaintiff statutory damages for all copyright infringements and that those damages be increased for willful infringement, and that Defendants pay Plaintiff her costs and attorneys' fees as provided by the Copyright Act.

10. That Defendants' infringement and unfair competition be found willful and that increased damages, together with interest and costs, be awarded under the Copyright Act, Lanham Act or as otherwise provided by law.

11. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Copyright Act, Lanham Act or as otherwise provided by law.

12. That Defendants be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all sums allowed by law.

13. That Defendants be ordered to pay to Plaintiff her costs incurred in this action.

14. That Defendants be held to be jointly and severally liable for the monetary judgment and awards in this case.

15. That Plaintiff has such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/Len R. Brignac
LEN R. BRIGNAC, T.A. (La. Bar 18139)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
lbrignac@kingkrebs.com

Attorneys for Plaintiff
Marylou Dantonio, Ph.D.