UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARYLOU DANTONIO, PH.D.                                CIVIL ACTION

VERSUS                                                 NO. 11-1477

SOUTHWEST EDUCATIONAL DEVELOPMENT,                     SECTION "B"(5)
JILL B. SLACK, PH.D., & LOUISIANA
CHILDREN'S RESEARCH CENTER FOR
DEVELOPMENT AND LEARNING

**ORDER AND REASONS**

Before the Court is the Motion for Summary Judgment by Defendant, The Louisiana Children's Research Center for Development and Learning, d/b/a Center for Development & Learning of Metairie ("CDL") (Rec. Doc. No. 29), opposed by Plaintiff MaryLou Dantonio (Rec. Doc. No. 30). For the following reasons, the Motion is **DENIED**, without prejudice to reurge at the close of discovery.

In this action, brought under federal copyright and trademark law, Plaintiff Dr. Dantonio alleges that defendants CDL, Dr. Jill Slack, and the Southeast Educational Development Corporation infringed on Plaintiff's copyright rights by making and distributing Dr. Dantonio's work without her authorization. (Rec. Doc. No. 1).

Defendant CDL contends that because co-defendant Dr. Slack misrepresented the materials to be her own original work, CDL is an

1

innocent infringer liable only for statutory penalties of $200.[1]

Plaintiff Dr. Dantonio contends that the motion for summary judgment in premature in that neither party has developed factual information regarding CDL's willfulness or innocence in distributing the materials.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits,

---

[1] Defendant CDL originally contended also that its limited distribution of the seminar materials does not constitute infringement of the Plaintiff's copyright. In its reply memorandum (Rec. Doc. No. 33), CDL withdrew its argument on the merits of the infringement claim, and argued only its innocent infringer status. CDL's status as an innocent infringer is thus the only issue considered in this motion for summary judgment.

2

depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, if the respondent shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may defer consideration of or deny the motion, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). Rule 56(d) motions are generally favored and should be liberally granted. *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). The rule is designed to safeguard against premature or improvident grants of summary judgment. *Equipment Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931 (E.D.La. 2011), citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). The nonmoving party invoking Rule 56(d) must show how additional discovery will defeat a summary judgment motion, that is, will create a genuine dispute of material fact. *Equipment Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931 (E.D. La. 2011).

Plaintiff correctly points out that CDL's state of mind --

3

innocence or willfulness -- is material to its status as an innocent infringer. Although CDL supported its contention of innocence with the affidavit attached to its motion for summary judgment, the Plaintiff has cited to several factual issues that, if developed further, might defeat this summary judgment motion, namely what knowledge CDL had of the copyright prior to and at the time of the dissemination, CDL's access to properly copyrighted copies of the work at issue, and the nature and extent of the dissemination. It would be unfair to dismiss the Plaintiff's claims before she has completed factual discovery into these material issues. However, the Plaintiff is warned to avoid proceeding with patently false claims if discovery reveals no material factual disputes relative to CDL's knowledge of alleged infringement at pertinent times.

New Orleans, Louisiana, this 20th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE